UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LANE GRANT DODSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:16-cv-775-PPS-MGG |
| ) | |
| DOUGLAS CARTER, ET AL., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The action arises out of a series of events that occurred during a traffic stop involving both the Plymouth Police Department and the Indiana State Police on December 29, 2014 in Plymouth, Indiana that resulted in criminal charges against Lane Grant Dodson. While the criminal case against him was pending, Dodson brought this case against the various individuals he alleges were involved in the traffic stop and subsequent criminal prosecution for violating his Constitutional rights. After this case was filed, Dodson was convicted of one count of attempted murder, one count of intimidation, and two counts of domestic battery, and a judgment was entered against him.

The Defendants from the Plymouth Police Department moved to dismiss the claims against them arguing, in part, that they are barred because a judgment in Dodson's favor would necessarily imply the invalidity of his criminal conviction or sentence, which the United States Supreme Court held in *Heck v. Humphrey* is

impermissible. That is only partially correct, and so, for the reasons discussed below, the Plymouth Defendants' motion is granted in part, and denied in part.

## Background

The facts come from the Complaint, which I accept as true for present purposes. [DE 1.] On December 29, 2014 at or about 6:45pm, Indiana State Trooper William Ennis pulled over Dodson who stopped in a K-Mart parking lot in Plymouth. [DE 1 at ¶1.] Trooper Ennis asked Dodson for his license and the men spoke for several minutes. [*Id.*] Plymouth Police Officers Matthew Emenhiser and Bridget Hite arrived on the scene and approached Dodson's van. [*Id.*] Officer Hite approached the front window on the passenger side and was looking in with a flashlight. Officer Emenhiser asked Trooper Ennis if Dodson was carrying a gun and Trooper Ennis responded that Dodson had a gun but he had a permit and so, from Trooper Ennis's point of view, everything was okay. [*Id.*]

Exactly what transpired next is a bit difficult to glean from the Complaint. Dodson alleges that Officer Emenhiser suddenly opened the driver's door, telling Dodson to get out of the van and hand over the gun. [*Id.* at ¶2.] Dodson's foot was in the door jamb of the car when Officer Emenhiser slammed the door, injuring Dodson's toe, as Officer Emenhiser yelled "gun" and drew his gun and started shooting at Dodson while running to the front of the van. [*Id.*] Officer Emenhiser shot the van and Dodson through the windshield, injuring Dodson's neck, right shoulder, and hand.

[*Id.*]  After Officer Emehiser initiated fire, Trooper Ennis shot at Dodson from behind. [*Id.*]

After Dodson was shot, he alleges that he was dragged away from the van and handcuffed with his hands behind him and Officer Emenhiser searched Dodson's person and allegedly removed Dodson's gun from the holster under Dodson's left arm saying, "We have to get a story straight."  [*Id.* at ¶3.]  Dodson alleges that the officers walked away, leaving him bleeding and unattended.  [*Id.*]  Dodson alleges that when the EMTs arrived and asked the officers to uncuff Dodson, the officers refused several times before finally doing so.  [*Id.*]

Dodson alleges that nearly two months later, on February 23, 2015, a search was done at his property but without a warrant signed by a judge; it was allegedly signed instead by Indiana State Police Detective Don Curl.  [*Id.* at ¶4.]  Dodson alleges that during that search, his $4,000 gun safe was damaged in an attempt to obtain firearms, firearm clips, and ammunition.  [*Id.*]

Dodson alleges nothing else regarding these incidents.  To understand what happened next, I turn to the Indiana state court dockets and public filings.[1]  On March 13, 2015, a probable cause affidavit was filed against Dodson alleging that the December

---

[1] Although the state court dockets and orders regarding Dodson's convictions and subsequent appeal is a matter outside the four corners of Dodson's complaint, I can take judicial notice of public records in deciding motions to dismiss.  *See* Fed. R. Evid. 201; *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).  A court may consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment.  *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004).

3

29, 2014 incident was precipitated by a complaint of domestic violence.  The probable cause affidavit states that Dodson attempted to kill Officer Emenhiser by firing a gun at him.  The Court found that probable cause existed for the arrest of Dodson on the charges of attempted murder, intimidation, two counts of domestic battery, and one count of battery with moderate bodily injury.  [DE 14-1; DE 14-2.]  Dodson eventually was charged with one count of attempted murder, one count of intimidation, two counts of domestic battery, and one count of battery with moderate bodily injury.  [DE 14-3.]

Dodson filed this action on November 15, 2016, while the criminal case against him was still pending, alleging that various members of the Indiana State Police Department, the Plymouth Police Department, and the Mayor of Plymouth violated his constitutional rights.  [DE 1.]  A couple of weeks later, on December 2, 2016, Dodson was found guilty in state court of attempted murder, intimidation, and two counts of domestic battery and judgment was entered against him.  [DE 14-4.]  On December 21, 2016, the Plymouth Defendants filed a motion to dismiss all claims against them for failure to state a claim.  [DE 13.]  Dodson did not initially respond to that motion.  On January 9, 2017, the Indiana State Defendants filed an Answer and Statement of Defenses.  [DE 16.]  On February 23, 2017, Dodson filed an appeal of his criminal conviction, which remains pending.

This case was reassigned to me in May 2017.  [DE 18.]  That same month, I ordered Dodson to file a response to the Plymouth Defendants' motion to dismiss by

4

June 23, 2017 or face dismissal for want to prosecution. [DE 21.] On June 19, 2017, Dodson filed a Motion to Stay Proceedings claiming that he never received a copy of the motion to dismiss. [DE 29.] That same day, Dodson also filed a response to the motion to dismiss, undermining his claim that he had not received a copy of it. [DE 30.] On June 26, 2017, Dodson filed a Motion for Appointment of Counsel. [DE 33.] I will address these motions in turn below.

## Discussion

I will begin with Dodson's motion for appointment of counsel. [DE 33.] Dodson brought this action as a *pro se* prisoner and now asks me to appoint him counsel because he claims that he is unable to represent himself because he is ignorant of the law and legal procedures, is under psychiatric care and on psychotropic medication, and is suffering from physical impairments including headaches that require him to be on a ventilator. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But in some circumstances, the court may ask an attorney to volunteer to represent indigent parties pursuant to 28 U.S.C. § 1915(e)(1). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

5

Here, while I am sympathetic to Dodson's sitaution, he makes no mention of having attempted to obtain counsel on his own.  When "the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any [such requests for counsel] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc), *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010).  Dodson's failure to make an attempt to secure counsel is reason enough to deny the request that I recruit a lawyer to volunteer to represent Dodson for free at this point.

Next, I turn to Dodson's motion to stay the proceedings.  [DE 29.]  As I discuss in greater detail below, to the extent that any of Dodson's claims in this action would necessarily undermine his conviction in state court, they must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  If Dodson's conviction is reversed on direct appeal by the state appellate court, he may then return here and bring his related civil claims.  But I am not required to stay his claims that might otherwise by barred by *Heck* while the appeal of his conviction is pending.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997) ("[A]bsent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed.").

As we'll see in a moment, some of Dodson's claims must survive dismissal notwithstanding *Heck*.  For the claims that are surviving I will hold off from considering those claims until Dodson's criminal appeal is resolved to avoid federal-state friction.

6

*See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (finding that the district court properly abstained under *Younger v. Harris*, 401 U.S. 37 (1971) from deciding the plaintiff's claims until the plaintiff's appeal of his criminal conviction had been resolved); *see also Nesbitt v. City of Champaign*, 34 Fed. App'x 226, 228, 2002 WL 521394, at *2 (7th Cir. 2002) ("[A] federal court must stay a Fourth Amendment claim filed while a related state criminal appeal is ongoing.")  The Seventh Circuit has held that in these circumstances a stay, rather than a dismissal is appropriate.  *Simpson*, 73 F.3d at 138 ("A stay allows the state case to go forward 'without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists.'" (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)).  As such, I will dismiss those claims barred by *Heck* and stay any remaining claims pending resolution of Dodson's appeal of his conviction.

Finally, I turn to the Plymouth Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  [DE 13.]  To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks and citations omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  I must accept as true all factual allegations in the Complaint and draw all reasonable inferences in favor of the plaintiff, but I am not required to accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Ashcroft*, 556 U.S. at 663.

The Plymouth Defendants make two arguments in their motion to dismiss. The first is that Dodson's claims are barred by *Heck v. Humphrey*. [DE 14 at 4.] "[U]nder *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine the prisoner's conviction. *Codling v. Trgovich*, No. 98-3199, 1999 WL 313741, at *1 (7th Cir. 1999). Rather, "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a Writ of Habeas Corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Dodson cannot meet this burden because his conviction is still pending on appeal. As such, all of Dodson's claims based on the Defendants' activities related to his convictions and subsequent imprisonment must be dismissed. While the Indiana State Defendants did not move to dismiss the claims against them, they raised a *Heck v. Humphrey* defense in their statement of defenses. [DE 16 at 3.] Furthermore, I am under a continuing obligation to review the legitimacy of *all* of Dodson's claims because he sought, and was granted, leave to file this case free of charge. *See* 28 U.S.C. §1915(e)(2)(B). Because of this, pursuant to 28 U.S.C. §1915(e)(2)(B), I must screen the complaint for frivolous or inadequate claims and may dismiss them at any time. As

8

such, I also will dismiss the claims against the Indiana State Defendants that clearly are barred by *Heck v. Humphrey*, as pleaded, because they relate to Dodson's conviction and incarceration.

*Heck v. Humprhey*, however, does not bar Dodson's Fourth Amendment claims regarding Emenhiser, Ennis, and Hite's search of Dodson and his vehicle. His Fourth Amendment claims, if successful, would not necessarily undermine the validity of his conviction. *See Simpson*, 73 F.3d at 136. "Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment." *Id.* As such, these claims survive the Plymouth Defendants' motion to dismiss and my screen of the claims against the Indiana State Defendant.

To summarize, *Heck v. Humphrey* bars all claims against Plymouth Defendants Matthew Emenhiser, Bridget Hite, and David Bacon, and Indiana State Defendants William Ennis and Elmer Lamar Helmuth *except* the Fourth Amendment claims against Defendants Matthew Emenhiser, Bridget Hite, and William Ennis. All other claims against those defendants are dismissed without prejudice.

The Plymouth Defendants also argue that the claims against Plymouth Police Chief David Bacon and Plymouth Mayor Mark Senter fail because there is no factual allegation of any personal involvement in the activities that allegedly gave rise to Dodson's claims. [DE 14 at 7.] I start by acknowledging that Dodson did not assert whether he is suing Bacon and Senter in their official or individual capacities. "Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has

9

been sued in her official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in her individual capacity." *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Here, Dodson does not at any point mention the policies or customs of either the Plymouth Police Department or Indiana State Police Department or indicate that any of his claims are based on them, nor does he seek injunctive relief. Dodson only seeks damages. For this reason, I will understand his claims against Bacon and Senter as brought against them in their individual capacity.

"[I]n order to recover damages against a state actor under § 1983, a plaintiff must show the actor was personally responsible for the constitutional deprivation." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (internal quotation marks omitted); *see also Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."). I already found that the claims against David Bacon should be dismissed because they are barred by *Heck*. Dodson alleges that Bacon "[v]iolated [Dodson's] 6th and 14th Amendment right by knowingly dismissing witnesses." [DE 1 at ¶8.] These claims appear to be related to the investigation and subsequent trial that resulted in Dodson's conviction and, because a favorable outcome on these would undermine Dodson's conviction, they are barred by *Heck*. Accordingly, these claims are dismissed without prejudice.

Turning to Dodson's claim against Mayor Mark Senter, there is very little meat on the bones. Dodson alleges Senter "[v]iolated [Dodson's] 14th Amendment right by

10

failing to provide equal protection under the law." [DE 1 at ¶9.] This claim is completely conclusory without alleging a single fact as to how Senter was involved in the arrest of Dodson, including how his Fourteenth Amendment right to equal protection allegedly was violated (by him or any of the Defendants in this action).[2] Without any allegations as to personal involvement, the claim against Senter must be dismissed. Accordingly, this claim is dismissed without prejudice and I will provide Dodson one more opportunity to sufficiently plead it.

Finally, in reviewing Dodson's claims against the Indiana State Defendants for purposes of my *Heck* analysis, I noticed that Dodson makes the same conclusory allegation against three individuals, Chad Larsh, Douglas Carter, and Gregory Zoeller, that he does against Senter. [DE 1 at 5.] Dodson alleges that all three of these gentlemen "[v]iolated my 14th Amendment right by failing to provide equal protection under the law." [*Id.*] As part of my obligation under 28 U.S.C. §1915(e)(2)(B), even though the Indiana State Defendants did not move to dismiss these claims, I must screen the complaint for frivolous or inadequate claims and may dismiss them at any time. Like Dodson's identical claim against Senter, his claims against Larsh, Carter, and Zoeller are conclusory without alleging a single fact as to how they were involved in the arrest and/or subsequent prosecution of Dodson, including how his Fourteenth Amendment right to equal protection allegedly was violated, and fail to meet the

---

[2] Dodson does not even allege of what protected class he is a member.

11

requirements of *Iqbal* and *Twombly*. Accordingly, these claim are dismissed without prejudice and I will provide Dodson one more opportunity to sufficiently plead them.

The only claims in Dodson's complaint that I have not yet addressed are Dodson's claims against Donald C. Curl of the Indiana State Police Department. Dodson alleges that Curl "[v]iolated my 4th, 6th, and 5th Amendment rights by conducting an unreasonable search and seizer[sic] of my home to obtain firearms without a warrant signed by a Judge and not investigating the dismissed witnesses." [*Id.* at 5.] As they pertain to the validity of the warrant and the lack of investigating "the dismissed witnesses," success on these claim would necessarily undermine Dodson's conviction and are barred by *Heck*. But, Dodson's claim that his property was unreasonably damaged during the execution of the search potentially is a violation of Dodson's Fourth Amendment rights, *see Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003), and is not barred because success on that claim would not undermine Dodson's conviction. Therefore, Dodson's claim against Curl for property damage in violation of the Fourth Amendment remains, and his Fifth and Sixth Amendment claims against Curl are dismissed without prejudice.

To summarize, after this Opinion and Order, the only claims that remain are Dodson's Fourth Amendment claims against Matthew Emenhiser, William B. Ennis, Bridget Hite, and Donald C. Curl. All other claims are dismissed without prejudice. The remaining claims are stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) until Dodson's appeal of his criminal conviction is complete. At that time, he must move to lift the stay in this action to pursue his Fourth Amendment claims against those

defendants.  In addition, because Dodson is pro se and may have viable claims against Mark Senter, Chard Larsh, Douglas Carter, and Gregory Zoeller for which he unknowingly provided insufficient detail, once Dodson moves to lift the stay, I will give him a single opportunity to file an amended complaint and to clarify those claims.  His amended complaint must comply with Federal Rule of Civil Procedure 8 and contain a short and plain statement of the claims against these individuals showing that he is entitled to relief.

## CONCLUSION

For the aforementioned reasons, the Court:

- **DENIES** Lane Grant Dodson's Motion for Appointment of Counsel [DE 33];

- **GRANTS IN PART AND DENIES IN PART** Plymouth Defendants David Bacon, Matthew Emenhiser, Bridget Hite, and Mark Senter's Motion to Dismiss [DE 13].  All claims against Plymouth Defendants David Bacon, Matthew Emenhiser, Bridget Hite, and Mark Senter are **DISMISSED WITHOUT PREJUDICE** except Lane Grant Dodson's Fourth Amendment claims against Matthew Emenhiser and Bridget Hite;

- **DISMISSES WITHOUT PREJUDICE** all claims against Indiana State Defendants William Ennis, Elmer Lamar Helmuth, Chad Larsh, Douglas Carter, and Gregory Zoeller except Lane Grant Dodson's Fourth Amendment Claim against William Ennis;

- **DISMISSES WITHOUT PREJUDICE** Lane Grant Dodson's Fifth and Sixth Amendment claims against Indiana State Defendant Donald Curl;

- **GRANTS** Lane Grant Dodson's Motion to Stay Proceedings [DE 29] as to the claims that remain after this Opinion and Order pending resolution of Lane Grant Dodson's appeal of his criminal conviction;

- **ORDERS** Lane Grant Dodson to file a motion to lift the stay in this action once his appeal of his criminal conviction is complete; and

13

- **GRANTS** Lane Grant Dodson leave to file an amended complaint once the stay is lifted that addresses the deficiencies identified above and is **CAUTIONED** that failure to do so may result in dismissal of those claims with prejudice.

**SO ORDERED**.

ENTERED: July 14, 2017.

                                               _s/ Philip P. Simon_
                                               **PHILIP P. SIMON, JUDGE**
                                               **UNITED STATES DISTRICT COURT**