UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LANE GRANT DODSON, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| v. | ) | CAUSE NO. 3:16-CV-775 RLM |
| | ) | |
| MATTHEW EMENHISER *et al.*, | ) | |
| | ) | |
| *Defendants* | ) | |

OPINION AND ORDER

Lane Dodson filed suit under 42 U.S.C. § 1983 against Matthew Emenhiser, Bridget Hite, William Ennis, Donald Curl, and other defendants, alleging violations of his constitutional rights. The court dismissed most of Mr. Dodson's claims under the *Heck v. Humphrey* preclusion doctrine. Mr. Dodson's claims that Officer Emenhiser, Officer Hite, Trooper Ennis, and Detective Curl violated his Fourth Amendment rights survived the motion to dismiss. All four defendants filed motions for summary judgment. Mr. Dodson received three extensions of time to file his response, but when he asked for a fourth extension, the court found that he hadn't shown good cause and denied the extension of time. Mr. Dodson didn't file a response or evidence.

Background

On December 29, 2014, Indiana State Trooper William Ennis stopped Lane Dodson's vehicle. Officers Emenhiser and Hite arrived as backup several minutes later. After Officer Emenhiser and Mr. Dodson spoke, Mr. Dodson

pointed a handgun at Officer Emenhiser.[1] Officer Emenhiser ran for cover, the police officers and Mr. Dodson exchanged gunfire, and Mr. Dodson was hit. Officer Emenhiser handcuffed Mr. Dodson, and then searched his person. Officer Hite looked in the passenger window of Mr. Dodson's vehicle and saw a handgun. Officer Hite removed the handgun from Mr. Dodson's vehicle and secured it in her car.

Months later, Prosecutor Nelson Chipman authorized a search warrant for Mr. Dodson's home, and Judge Dean Colvin signed it. Detective Donald Curl executed the search warrant on February 23, 2015. Mr. Dodson wasn't present when the search took place. Mr. Dodson contends that his gun safe was damaged during the search.

Standard of Review

Summary judgment is appropriate when "the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). The movant has the burden of demonstrating to the court that there exists no genuine issue of material fact. Celotex Corp v. Catrett, 477 U.S. 317, 323

---

[1] Mr. Dodson's complaint implies that he didn't point his gun at Officer Emenhiser. Mr. Dodson submitted no evidence to that effect. Even if he did, Mr. Dodson's conviction for attempted murder necessarily required the jury to find that Mr. Dodson fired at Officer Emenhiser. That conviction acts as estoppel in this civil case. Emich Motors Corp. v. Gen. Motors Corp., 340 U.S. 558, 568 (1951) (internal citation omitted).

(1986). The court must view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If the movant meets its burden, the opposing party can't rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011). The non-moving party cannot rely on conclusory allegations. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir. 1995). Instead, the non-moving party must affirmatively demonstrate with "specific facts" that a genuine issue exists that require trial. Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003) (emphasis in original). Failure to prove an essential element of the alleged activity will render other facts immaterial. Celotex v. Catrett, 477 U.S. at 323.

## Discussion

Section 1983 provides a mechanism by which an individual can sue any person who, under color of law, subjects "any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Mr. Dodson has alleged that the four defendants deprived him of his rights secured by the Fourth Amendment.

*Matthew Emenhiser*

Mr. Dodson alleges that Matthew Emenhiser searched his person without consent in violation of the Fourth Amendment. Officer Emenhiser argues that the search complied with the Fourth Amendment because it was a search incident to a lawful arrest. The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Generally, a warrant is required for a search to be reasonable. Riley v. California, 573 U.S. 373, 382 (2014). A search without a warrant is only reasonable if it falls within an exception to the warrant requirement, such as a search incident to lawful arrest. Id. "When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape." Id. at 383. A search incident to lawful arrest requires that the officer have probable cause to make the arrest. United States v. Robinson, 414 U.S. 218, 235 (1973). "A suspect is under custodial arrest when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." Ochana v. Flores, 347 F.3d 266, 270 (7th Cir. 2003) (internal citation omitted).

Officer Emenhiser validly searched Mr. Dodson incident to a lawful arrest. Officer Emenhiser had probable cause to arrest Mr. Dodson.[2] A reasonable person in Mr. Dodson's position would have understood the degree

---

[2] A Marshall County judge found probable cause on March 3, 2015.

to which he was restrained- Mr. Dodson stated in his deposition that he was handcuffed at the time of the search- to rise to the level of a formal arrest. Since Mr. Dodson was under arrest, it was reasonable for Officer Emenhiser to search Mr. Dodson to remove weapons from his person. Riley v. California, 573 U.S. at 382. Officer Emenhiser didn't violate Mr. Dodson's Fourth Amendment rights.

*Bridget Hite*

Mr. Dodson contends that Officer Bridget Hite searched his vehicle without his consent or a warrant in violation of the Fourth Amendment. Officer Hite responds that she didn't need consent or a warrant because of the plain view doctrine. The plain view doctrine is an exception to the warrant requirement that applies when "'(1) the officer was lawfully present in the place from where he viewed the item, (2) the item was in plain view, and (3) its incriminating nature was 'immediately apparent.'" United States v. Schmidt, 700 F.3d 934, 938-939 (7th Cir. 2012) (internal citation omitted). Officer Hite testified at Mr. Dodson's criminal trial that the incident took place in a K-Mart parking lot. She was lawfully present at the scene because it took place in a public place. Officer Hite, like a private person, can lawfully look into the window of a vehicle. Texas v. Brown, 460 U.S. 730, 740, 103 S. Ct. 1535, 1542 (1983). Officer Hite testified that when she looked into Mr. Dodson's vehicle, the handgun lay in plain view on the floorboard. Since Officer Hite could see

the handgun by simply looking into the vehicle, it was in plain view. Finally, the handgun was immediately incriminating. An officer must have probable cause to believe an item is contraband or linked to criminal activity for the item to be immediately incriminating. United States v. Cellitti, 387 F.3d 618, 625 (7th Circ. 2004). Officer Hite testified that she heard shots fired and saw flashes. When Officer Hite observed the handgun in the car, she had probable cause to believe that the gun was linked to a crime. Officer Hite's seizure of the handgun didn't violate the Fourth Amendment.

*William Ennis*

Mr. Dodson claims that Trooper Ennis violated his Fourth Amendment rights when he allowed an officer to search Mr. Dodson's person.[3] An individual's position as a supervisor doesn't subject him to liability under § 1983 without a showing of direct responsibility for the allegedly improper action. Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983). "An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." Zimmerman v. Tribble,

---

[3] Trooper Ennis also argues in favor of summary judgment on a claim that Trooper Ennis either searched the vehicle without consent or a warrant or allowed another officer to do so. The court can't identify that claim in Mr. Dodson's pleading. If the claim exists, the court grants summary judgment as to that claim, because the search of Mr. Dodson's car falls under the exception of search incident to a lawful arrest. Police may conduct a search of a vehicle when it is reasonable to believe that the vehicle contains evidence of the offense of the arrest. Arizona v. Gant, 556 U.S. 332, 346 (2009). Since Mr. Dodson had fired shots from within the vehicle, it was reasonable to believe that the vehicle would contain evidence of the offense of the arrest.

226 F.3d 568, 574 (7th Cir. 2000) (internal citation omitted). The plaintiff must show a "causal connection, or an affirmative link, between the misconduct complained of and the official sued[.]" Wolf-Lillie v. Sonquist, 699 F.2d at 869.

Mr. Dodson said in his deposition that Trooper Ennis didn't search him. Whether Trooper Ennis was the "officer in charge" of the stop, as Mr. Dodson claims, he can't be held liable under § 1983, even if the search was conducted in violation of the Fourth Amendment. Zimmerman v. Tribble, 226 F.3d at 574. Since Mr. Dodson has provided the court with no evidence that Trooper Ennis searched Mr. Dodson, Trooper Ennis is entitled to summary judgment.

*Donald Curl*

Mr. Dodson claims that Donald Curl violated his Fourth Amendment rights by conducting an unreasonable search and seizure by entering his home to obtain firearms without a warrant signed by a judge. He also claims that his gun safe was damaged during the search. Detective Curl attached a copy of the warrant and a declaration to his motion for summary judgment. The warrant bears what appears to be the signature of Marshall Superior Court No. 2 Judge Dean Colvin. Mr. Dodson has provided the court with no evidence that the signature isn't that of Judge Colvin, so this claim must fail. In his declaration, Detective Curl affirmed that he didn't damage the gun safe, order anyone else to damage it, or even see anyone damage it. Mr. Dodson has provided nothing

to the contrary. If someone else damaged the safe, Detective Curl isn't liable for the damage under § 1983. See <u>Zimmerman v. Tribble</u>, 226 F.3d at 574.

Conclusion

The court GRANTS the defendants' motions for summary judgment [Docs. Nos. 99, 103]. The court VACATES the April 6, 2020 final pretrial conference and the April 20, 2020 trial.

SO ORDERED.

ENTERED:  March 3, 2020

      /s/ Robert L. Miller, Jr.  
Judge, United States District Court